FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANKIE C.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 1:22-CV-03145-SAB<br><br>**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION** |

    Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Jeffrey Staples and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 11, the Commissioner's Brief, ECF No. 13, and Plaintiff's Reply Brief, ECF No. 14.

    After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses and remands the Commissioner's decision.

**I.    Jurisdiction**

    On October 16, 2018, Plaintiff filed an application for Title II disability insurance benefits as well as a Title XVI application for supplemental security income, with the onset date of June 1, 2015. Plaintiff's application was denied

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 1**

initially and on reconsideration. Plaintiff requested a hearing on June 14, 2019. On June 21, 2021, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of his counsel, D. James Tree. Robin Pyle, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on August 30, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 17, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.    Five-Step Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v.*

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 2**

*Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION** ~ 3

this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.     Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the

ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 4

Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 45 years old. He graduated from high school and received training as a mechanic. Plaintiff lives with his grandmother.

In 2015, Plaintiff was shot in a drive-by shooting. A bullet struck his right thigh, testicles, and another bullet struck his left hip. Since that time, his muscles in his right leg have atrophied. He has flareups of swelling in his right leg and he must elevate his leg a couple of times a day. Plaintiff experiences some tenderness in his left hip and decreased range of motion. He uses a cane to walk.

Plaintiff's gout flares up about once a month, and he can be down for at least a week when that happens. Plaintiff's medication causes him to take bathroom breaks every 30 minutes.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15-30. The ALJ noted that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2015. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2015, the alleged onset date. AR 17.

At step two, the ALJ identified the following severe impairments: gunshot wounds to the bilateral lower extremities, gout of the right knee, and obesity. AR 18.

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 5**

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR21. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently, can sit for about 6 hours in an 8-hour day with normal breaks, and can stand and/or walk about 2 hours in an 8-hour day with normal breaks. The claimant should never climb ladders, ropes, or scaffolds, can only occasionally climb stairs or ramps, balance as defined in the SCO, stoop, kneel, crouch, or crawl. The claimant can tolerate only occasional exposure to work around hazards such as dangerous moving machinery and unprotected heights.

AR 21.

At step four, the ALJ found that Plaintiff was not capable of performing any past relevant work. AR 28.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including document specialist; laminator I- and call out operator. The ALJ found that Plaintiff was not disabled.

## VI. Issues

1. Whether the ALJ properly conducted the step-5 analysis.
2. Whether the ALJ properly assessed Plaintiff's lymphedema.
3. Whether the ALJ properly assessed Plaintiff's testimony.
4. Whether the ALJ properly assessed the medical opinions.
5. Whether the ALJ properly assessed the lay evidence.

## VII. Discussion

The ALJ did not find that Plaintiff's lymphedema was a severe impairment, nor did the ALJ address Plaintiff's lymphedema in determining Plaintiff's RFC. This was in error. There is evidence in the record documenting that Plaintiff has

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 6**

significant flareups of lymphedema and during that time it is necessary to elevate his leg above his heart several times a day to assist with drainage. Plaintiff is also prescribed Lasix to also assist with drainage.

Here, the ALJ reversibly erred by failing to properly consider Plaintiff's lymphedema as a severe, medically-determinable impairment or to assess if it may equal Listing 4.11. More importantly, the ALJ failed to consider or address Plaintiff's lymphedema in determining his RFC.

As such, remand is proper.

### VIII. Conclusion

The ALJ erred in failing to consider Plaintiff's lymphedema. As such, it is necessary to remand this action. On remand, Plaintiff is encouraged to challenge whether the vocational expert's identification of specific jobs meets the substantial numbers requirement. The remaining issues can also be addressed on remand.

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 11, and Reply Brief, ECF No. 14, are **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 13, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for further proceedings consistent with this Order.

//
//
//
//
//
//
//
//

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION ~ 7**

1      4.    Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 2nd day of May 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION** ~ 8